UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS JEFFERSON CARES,

        Plaintiff,

  v.

DEBRA BOWEN, in her official capacity as California Secretary of State; EDMUND G. BROWN, in his official capacity as California Attorney General, et. al.,

        Defendants.

No. 2:08-CV-00083-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter came before this Court on January 31, 2008. Plaintiff Thomas Jefferson Cares appeared on his own behalf. Nathan Barankin, Deputy Attorney General, represented Defendants.

Plaintiff Thomas Jefferson Cares brings this action and the accompanying application for temporary restraining order against various California public officials and agencies including the Secretary of State, the Attorney General, and the Registrars or Clerks of all 58 California counties.

///

1

Plaintiff alleges that the Official Ballot Title and Official Ballot Summary for Proposition 93 - both of which were drafted by the Attorney General for the State of California - are intentionally misleading and will cause election results counter to the actual will of the electorate of the State of California. Plaintiff asserts that the manner in which Proposition 93 has proceeded is unconstitutional and denies due process.  Plaintiff seeks a pre-election temporary restraining order enjoining the enforcement of Proposition 93 - a measure which has not, and may not, be enacted.

**BACKGROUND**

Current California law provides that an individual may serve no more than two (2) four-year terms in the California Senate and three (3) two-year terms in the California Assembly.  The net result is that no individual may serve more than fourteen (14) years in the California Legislature.  Cal. Const., Art. 4, § 2.

Proposition 93 proposes amendments to California law that provide that a California legislator could serve a maximum of twelve (12) years in the California Legislature without regard to the house in which the legislator serves those twelve years. Proposition 93 also proposes amendments such that state legislators in office at the time of enactment would be allowed to continue serving for up to twelve years in the house in which they currently serve, regardless of prior service in the other house.

///

The Official Ballot Title for Proposition 93 is: "LIMITS ON LEGISLATORS' TERMS IN OFFICE. INITIATIVE CONSTITUTIONAL AMENDMENT."  The Official Summary reads:

- Reduces the total amount of time a person may serve in the state legislature from 14 years to 12 years.
- Allows a person to serve a total of 12 years either in the Assembly, the Senate, or a combination of both.
- Provides a transition period to allow current members to serve a total of 12 consecutive years in the house in which they are currently serving, regardless of any prior service in another house.

California law requires the Attorney General "prepare a summary of the chief purposes and points of the proposed measure."  Cal. Elec. Code § 9004.  Further, "[i]n providing the ballot title, the Attorney General shall give a true and impartial statement of the purpose of the measure in such language that the ballot title shall neither be an argument, nor be likely to create prejudice, for or against the proposed measure."  *Id*. at § 9051.

California elections law provides for a 20-day public display period for the Attorney General's title and summary.  *Id*. at § 9092.  During this period, voters may review the ballot materials and file suit challenging the ballot materials.  *Id*.  Plaintiff sought a writ of mandate in Sacramento Superior Court challenging the ballot title and summary.

Following oral argument on the matter, the writ was denied. Plaintiff then filed a "Motion to Stay Ballot Pamphlet Printing Pending Appeal" with the Third District Court of Appeal. That motion was denied. Plaintiff then filed a "Petition for Review with Request for Stay" with the California Supreme Court. That petition, too, was denied. Plaintiff now comes before this Court seeking a temporary restraining order invalidating Proposition 93 and requiring defendants: discontinue issuing ballots which offer a vote on Proposition 93 and disregard any votes cast for or against Proposition 93. At oral argument, Plaintiff withdrew his requests that related to the ballots and counting of votes. The issue remaining before this Court is Plaintiff's request for a temporary restraining order invalidating Proposition 93 and restraining its enforcement should the California electorate enact the proposition. For a myriad of reasons, the Court finds this issue, and with it Plaintiff's entire complaint, is non-justiciable. For the reasons set forth below, Plaintiff's request is DENIED and this matter is TERMINATED.

## STANDARD

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and plaintiffs have the burden of proving the propriety of such a remedy by clear and convincing evidence. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 442 (1974). In order to warrant issuance of such relief, certain prerequisites must be satisfied.
///

Under the so-called "traditional" standard, an injunction may be had if the court determines that (1) the moving party will suffer the possibility of irreparable injury if the relief is denied; (2) there is a strong likelihood that the moving party will prevail on the merits at trial; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995)  Under the "alternative" standard, an injunction properly issues when a party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits combined with a balancing of hardships tipping sharply in favor of the moving party. *Id.*, *see also Idaho Sporting Congress, Inc. v. Alexander*, 222 F.3d 562, 565 (9th Cir. 2000); *Earth Island Institute v. U.S. Forest Service*, 442 F.3d 1147, 1158 (9th Cir. 2006).  The requirement for showing a likelihood of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits, with these factors representing two points on a sliding scale. *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992).

The propriety of a temporary restraining order, in particular, hinges on a significant threat of irreparable injury (*Simula, Inc. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999)) that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

///
///

**ANALYSIS**

The crux of Plaintiff's argument is that Proposition 93, if enacted, will increase term limits and that the ballot title and summary prepared by the Attorney General is misleading. Therefore, according to Plaintiff, Proposition 93 has proceeded in such a way that its enactment can only be unconstitutional.

Federal courts are not in the practice of policing state elections. "There is no doubt that the right to vote is fundamental, but a federal court cannot lightly interfere with or enjoin a state election." *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (citing *Reynolds v. Sims*, 377 U.S. 533, 555, 585 (1964)). "The decision to enjoin an impending election is so serious that the Supreme Court has allowed elections to go forward even in the face of an undisputed constitutional violation." *Id.* (citations). "Interference with impending elections is extraordinary ... and interference with an election after voting has begun is unprecedented." *Id.* at 919. This is especially the case where, as here, an election has already begun, almost one million voters have already cast their votes, and the state has expended considerable time and resources in reliance on the election proceeding as planned. *Id.* (holding balance of hardships weighed in favor of denying postponement of election where state had expended enormous resources to prepare ballots and voter information packets and where hundreds of thousands of absentee voters had already cast their votes). Such "investments of time, money, and the exercise of citizenship rights cannot be returned." *Id.*

1    Further, it is settled law that states are free to design
2 their own elections laws and procedures and these are political
3 questions beyond the reach of the federal courts.  A federal
4 court may interfere only when a state election law denies equal
5 protection, abridges the freedom of speech, or violates a federal
6 statute.  Federal courts must normally defer to the states'
7 regulatory interests when these federal rights are not
8 implicated. *Bennett v. Yoshina*, 140 F.3d 1218, 1225 (9th Cir.
9 1998) (citations).  Plaintiff's complaint makes no mention of any
10 denial of equal protection, nor of any abridgment of free speech,
11 nor of any violation of a federal statute but rather points only
12 to an unarticulated denial of due process.  Therefore, the issues
13 raised by this action fall squarely within the State's powers to
14 regulate its elections and this Court must defer to the State's
15 interests.  Accordingly, Plaintiff's application for temporary
16 restraining order is DENIED.

17    Moreover, the Court finds that this case is not justiciable.
18 The relief requested - namely, the request to enjoin the
19 enforcement of a law that has not yet been enacted - raises
20 justiciability issues including, but not limited to, whether or
21 not the case is ripe and whether Plaintiff has standing to assert
22 the case at this juncture.

23    Plaintiff has not yet suffered an "injury-in-fact."  A
24 plaintiff must have suffered a concrete injury that is actual or
25 imminent, and not merely conjectural or hypothetical. *Nat'l*
26 *Audobon Soc'y, Inc. v. Davis*, 307 F.3d 835, 848 (9th Cir. 2002)
27 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561).
28 ///

7

Here, Plaintiff asserts that the state electorate *may* be dissuaded by the ballot summary and that the ballot summary *may* cause electors to cast votes that are contrary to their actual intent.  This is not an actual or imminent injury.[1]  California voters may defeat Proposition 93, in which case Plaintiff will suffer no injury and the issues raised here will be moot.  Should that be the case, any decision this Court were to render on the merits would be merely advisory.  This Court is loathe to render an advisory opinion.  "Courts must refrain from deciding abstract or hypothetical controversies and from rendering impermissible advisory opinions with respect to such controversies."  *Earth Island Inst. v. Ruthenbeck*, 490 F.3d 687, 694 (9th Cir. 2007) (citing *Flast v. Cohen*, 392 U.S. 83, 96 (1968)).  This is particularly the case where, such as here, the issues raised are purely state law matters.  Further, should the California electors enact Proposition 93, Plaintiff's recourse is to challenge that law via the California court system and not in the federal courts.  As such, Plaintiff lacks standing to pursue this matter.

Further, a pre-election challenge to a proposed change in the law is not a matter that is ripe for judicial review.  In determining whether a case is ripe for judicial review, a court may consider: "(1) whether the issues are fit for judicial resolution and (2) the potential hardship to the parties if judicial resolution is postponed."

///

---

[1] Nor is this an irreparable harm sufficient to support the issuance of a temporary restraining order.

8

*Nat'l Audobon Soc'y,* 307 F.3d at 850 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).  Here, the issues are not fit for judicial review.  As discussed above, this case does not present the sort of constitutional questions which generally provide for federal review of state election laws.  Additionally, as also discussed above, the hardship to the parties of postponing the resolution of this matter is negligible in that Plaintiff is not barred from challenging the validity of Proposition 93, should the voters of California adopt the measure.  As such, the case is not yet ripe and it is imprudent for the Court to hear Plaintiff's case at this time.

Because this Court finds that this case does not present a justiciable issue, the Court does not address the remaining points addressed in the parties' papers.  Based on the foregoing, Plaintiff's request for temporary restraining order is DENIED and this matter is TERMINATED.  The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: February 1, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE